George Thompson, appellee, v. John C. Luke,
appellant, et al.

Filed June 21, 1895. No. 5908.

</div>

Conflicting Evidence: Review. A judgment or decree based upon conflicting evidence will not be disturbed by this court unless clearly wrong.

Appeal from the district court of Douglas county. Heard below before Scott, J.

*Montgomery, Charlton & Hall,* for appellant.

*F. W. Fitch, contra.*

Post, J.

This is an appeal from a decree of the district court for Douglas county, the facts essential to an understanding

40

of the questions at issue being as follows : On the 23d day
of December, 1891, the plaintiff, as assignee of Robertson
& Harris, commenced this action in the district court to en-
force a mechanic's lien against certain lots in Luke &
Templeton's addition to the city of Omaha for labor fur-
nished and performed by his assignors under a contract
with the defendant, John C. Luke.   Henry & Frey, who
claim as subcontractors under Robertson & Harris, and
Allen A. Lambert, who claims under a contract with Luke,
were made defendants, and filed cross-bills for the purpose
of asserting liens against the property described in the pe-
tition.    There was a finding and decree against Luke in
favor of the several parties claiming adversely to him, from
which the former has appealed to this court.

The petition and several cross-petitions are based upon
verbal contracts with Luke for the furnishing by Robert-
son & Harris, and Lambert, of labor in the erection of
buildings on the lots above mentioned.   Luke answered
the several petitions (1) by a specific denial of the alleged
verbal agreement, and (2) by an allegation that all labor
furnished and performed by said contractors was under and
by virtue of written agreements, which are set out at length.
Plaintiff in reply admits the written agreement alleged,
but says : " That after the memorandum or contract in de-
fendant's answers set forth was signed and entered into, the
same was wholly set aside, rescinded, destroyed, and made
null and void by agreement of the parties thereto, and be-
fore any work or labor was done and performed as set forth
in the plaintiff's petition, and thereupon, shortly thereafter,
a verbal contract was made and entered into between the said
J. C. Luke and Robertson & Harris, whereby said houses
were to be built on other and different lots,    *    *    *
whereby other, larger, and more expensive houses were to
be built, and more and extra work required and done, and
whereby said J. C. Luke promised and agreed to pay the
said Robertson & Harris for the time they and their em-

ployes put in, used, and labored in the construction of said buildings." The cross-petitioners in reply deny the several allegations of the answers.

The question first presented relates to the agreements under which the labor was performed. It is earnestly contended that the finding for the appellees upon that issue is against the weight of the evidence; but an examination of the record fails to sustain that contention. The claim of the plaintiff is sustained by a decided preponderance of the evidence, while the most that can be claimed as to the finding for the cross-petitioners is that the evidence is conflicting, but not warranting a reversal on this appeal. An analysis of the evidence in connection with the statement of the accounts by counsel for the respective parties has satisfied us that all items not clearly chargeable under the contracts were rejected by the district court and that the decree should accordingly be

AFFIRMED.